UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EZEQUIEL RIVERA,

    Plaintiff,

vs.                                                Case No. 25-cv-1643

NESTLÉ USA, INC., HOLLY RAJCHEL,
STACY SIPIORSKI and RUSTY RADMER,

    Defendants.

---

## NOTICE OF REMOVAL

---

    Defendants Nestlé USA, Inc. and Holly Rajchel by their attorneys, Jackson Lewis P.C., state the following in support of their Notice of Removal of this action from the Circuit Court for Outagamie County, Wisconsin to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

    1.    On September 26, 2025, Plaintiff Ezequiel Rivera commenced this action by filing a Complaint in the Circuit Court for Outagamie County, Wisconsin, as Case No. 25-cv-001132.

    2.    On September 30, 2025, Plaintiff served a copy of the Complaint on Defendant Holly Rajchel and Defendant Nestlé USA, Inc. ("Removing Defendants").

    3.    The Removing Defendants believe that Defendants Sipiorski and Radmer have not been served as of the day this Notice of Removal is filed.

    4.    In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint and all other process, pleadings, and orders filed with the Circuit Court of Outagamie County, Wisconsin are attached hereto as **Exhibit A.**

1

5. Defendants' Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Complaint on the Removing Defendants. As such, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

6. Moreover, venue is properly placed in the United States District Court for the Eastern District of Wisconsin because it is the district court for the district within which the state court lawsuit is pending in accordance with 28 U.S.C. § 1441(a). Removal to this Court is therefore appropriate.

7. In addition to filing this Notice of Removal in the office of the Clerk for the United States District Court for the Eastern District of Wisconsin, Removing Defendants, through their undersigned counsel, certify that they will provide notice of the removal to the Circuit Court of Outagamie County, Wisconsin, and to Plaintiff as required by 28 U.S.C. § 1446(d), to effect the removal.

## BASIS FOR REMOVAL

8. The Removing Defendants remove this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the doctrine of fraudulent joinder.

9. First, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Indeed, Plaintiff's Complaint alleges that the amount in controversy is "reasonably believed to exceed $10,000,000, together with punitive damages…plus interest, costs, and any other relief this Court deems just." (*See* Ex. A, Complaint at page 4.) *Mailwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 771 (E.D. Wis. 2003) ("In a removal action based on diversity jurisdiction, the amount in controversy claimed by the plaintiff in the complaint is deemed to have been made in good faith and presumed to be determinative of the jurisdictional amount."); *see also* 28 U.S.C. § 1446(c)(2).

10. Second, complete diversity exists between Plaintiff Rivera and Defendant Nestlé. With regard to the individual defendants, even resolving all issues of fact and law in his favor, Plaintiff Rivera "has no chance of success" in his claims against Defendants Rajchel, Sipiorski and Radmer. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). These individual defendants have been fraudulently joined, and the Court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quotation marks and citation omitted).

## I. Complete Diversity Exists Between Plaintiff And Defendant Nestlé.

11. Nestlé USA, Inc. is incorporated in the State of Delaware and has its principal place of business in Virgina. (*See* Declaration of Jackie Combs, filed herewith). Accordingly, Defendant Nestlé is a citizen of the states of Delaware and Virginia and no other.

12. Plaintiff Rivera is "an adult resident of Outagamie [C]ounty, Wisconsin." (Ex. A, Complaint at ¶ 1.) Accordingly, Plaintiff Rivera is a citizen of the state of Wisconsin and no other.

## II. The Individual Defendants Are Fraudulent Joined; Their Citizenship May Be Disregarded For Purposes Of Diversity.

13. "Under the fraudulent joinder doctrine, an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no chance of success." *Morris*, 718 F.3d at 666 (cleaned up, collecting cases). The fraudulent joinder rule is intended to "strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove." *Id.* (cleaned up).

14. The removing defendant, however, does not need to prove "fraud." Rather, "in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos*, 959 F.2d at 73. The removing defendant "must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action" against the in-state defendants. *Id*. This requires the federal district court to determine if there is a "reasonable possibility" that a state court would recognize a claim against the non-diverse defendant. *Id*.

15. In his state court Complaint, Rivera assets four causes of action: "Defamation," "Intention Infliction of Emotional Distress," "Spoliation of Evidence," and "Wrongful Termination in Violation of Public Policy (*Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561 (1983))." (Ex. A, Complaint at ¶¶ 25-34.) Each is alleged generically against "Defendants", which the Removing Defendants interpret to mean that Plaintiff alleges all causes of action against each individual defendant. (*Id*.)

16. Plaintiff cannot establish a cause of action against the individual defendants.

**A. Plaintiff's Claims For Defamation & Intentional Infliction Of Emotional Distress Are Barred By The Exclusive Remedy Provisions Of The Wisconsin Worker's Compensation Act.**

17. When the Wisconsin Legislature enacted the Wisconsin Worker's Compensation Act ("WCA"), it represented a "legislative compromise between the interests of employers, employees and the public in resolving compensation disputes regarding work-related physical or mental harms arising in our industrial society." *Peterson v. Arlington Hosp. Staffing, Inc.*, 2004 WI App 199, ¶ 11, 276 Wis. 2d 746, 689 N.W.2d 61. This compromise established "a system under which workers, in exchange for compensation for work-related injuries regardless of fault, would relinquish the right to sue employers and would accept smaller but more certain recoveries than might be available in a tort action." *Id*., ¶ 12.

18. The WCA expressly states that where conditions for employer liability exist, "the right to the recovery of compensation under [the WCA] shall be the <u>exclusive remedy</u> against the employer, any other employee of the same employer and the worker's compensation insurance carrier." Wis. Stat. § 102.03(2) (emphasis added). This exclusive remedy provision applies any time an employee sustains an injury during the course of his or her employment. *See* Wis. Stat. § 102.03(1). An "injury" is defined as a "mental or physical harm to an employee caused by accident or disease." Wis. Stat. Ann. § 102.01(2)(c). Injury includes mental harm or emotional stress or strain, even without physical trauma, if it arises from exposure to conditions or circumstances beyond those common to nonoccupational life. *Id.* Moreover, the term "accident" includes injuries that an employee sustains from intentional conduct by another coemployee. *See Jenson v. Employers Mut. Cas. Co.*, 161 Wis. 2d 253, 276, 468 N.W.2d 1 (1991). Therefore, when a coemployee commits an intentional act – a tort – the exclusivity provision of the WCA applies. *See Hibben v. Nardone*, 137 F.3d 480, 484 (7th Cir. 1998).

19. Wisconsin courts have made clear that claims for workplace-related defamation against both the corporate employer and individual co-employees are barred by the exclusivity provisions of the WCA. *Becker v. Automatic Garage Door Co.*, 156 Wis. 2d 409, 418, 456 N.W.2d 888, 891-92 (Ct. App. 1990). In *Becker*, the Court of Appeals recognized preemption under the WCA of plaintiff's claims that the corporate employer and two individual supervisors had defamed her by stating that she had initiated sexual contact with an individual defendant and making other sexually related statements. *Id*.

20. Likewise, Wisconsin courts have plainly stated that claims for intentional infliction of emotional distress are precluded by the WCA's exclusivity provision. *See Jensen*,

161 Wis. 2d 253.  In *Jensen*, for example, the Wisconsin Supreme Court upheld dismissal of a claim for IIED brought by a village clerk against the village president.  *See id*.

21.     The Supreme Court in *Jensen* expressly noted that the WCA was amended in 1978 "to make exclusivity applicable in an action against 'any other employe of the same employer.'"  *Id*. at 263.  That amendment is embodied in, among other places, Wis. Stat. § 102.03(2), which provides that the WCA provides the "exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier." (emphasis added.)

22.     In light of the statutory exclusive remedy provision and longstanding case law in Wisconsin, Plaintiff Rivera has no chance of success against Defendants Rajchel, Sipiorski and Radmer on his claims for defamation and intentional infliction of emotional distress.  Those claims are barred by the exclusive remedy provision of the WCA.[1]

   B. **Plaintiff Has No Chance Of Success On A Claim For "Spoliation" Because No Such Claim Exists Under Wisconsin Law.**

23.     Plaintiff Rivera's third claim for relief is styled as "Spoliation of Evidence (Public Policy Tort; *American Family Mut. Ins. Co. v. Golke,* 2009 WI 81)."  (Ex. A, Complaint at page 3.)

24.     The case cited in the Complaint does not discuss a viable tort or other cause of action for spoliation of evidence.  Rather, in *Golke*, the Supreme Court addressed "the question of when a sanction of dismissal for spoliation is appropriate under Wisconsin law."  *Am. Family Mut. Ins. Co. v. Golke*, 2009 WI 81, ¶ 38, 319 Wis. 2d 397, 768 N.W.2d 729.  In *Golke*, the

---

[1] The same legal doctrines that render Plaintiff Rivera's claims fruitless against the individual defendants apply with full force to Plaintiff Rivera's claims against Defendant Nestlé.  Defendant Nestlé intends on filing a motion to dismiss.

plaintiff stated a valid underlying cause of action against the defendant – "negligent repair." *Id.* at ¶ 2. Neither party asserted (or attempted to assert) a standalone cause of action for spoliation.[2]

25. To be clear, there is no cause of action for spoliation under Wisconsin law. Wisconsin courts have expressly declined to create a tort or other claim of spoliation. *Johnston v. Metro. Prop. & Cas. Ins. Co.*, 2006 WI App 1, ¶ 7, 288 Wis. 2d 658, 707 N.W.2d 580, 2005 Wisc. App. LEXIS 1038 ("we decline Johnston's invitation to create a Wisconsin claim for evidence spoliation.") (unpublished)[3]; *Ely v. St. Luke's Hosp.*, 182 Wis. 2d 510, 514 N.W.2d 878, 1994 Wisc. App. LEXIS 156 (Ct. App. 1994) ("They also ask this court to create the tort of spoliation…We decline to do so….")(unpublished).

26. Put differently, courts across the country have fashioned a number of remedies for evidence spoliation: (1) "pretrial discovery sanctions", (2) "the spoliation inference," and (3) "recognition of independent tort actions." *Neumann v. Neumann*, 2001 WI App 61, ¶ 80, 242 Wis. 2d 205, 626 N.W.2d 821. But Wisconsin has only "recognized the first two remedies." *See id.* Again, Wisconsin law does <u>not</u> recognize a tort of evidence spoliation.

27. Accordingly, because there is no such thing in Wisconsin as a tort of spoliation (and Wisconsin courts have repeatedly refused to create one), Rivera has no chance of success in litigating such a claim against Defendants Rajchel, Sipiorski and Radmer.[4]

---

[2] Plaintiff may be misreading the statement that defendants filed a motion seeking dismissal of plaintiff's claim as a sanction for spoliation of evidence: "All defendants filed motions for an order dismissing American Family's claims for spoliation of evidence." *Id.* at ¶ 16.

[3] Pursuant to Local Rules, the unpublished cases cited in this Notice of Removal are included as **Exhibit B** and will be served on Plaintiff.

[4] While Plaintiff did not include it in his claims for relief against Defendants, the Complaint refers broadly to Wis. Stat. § 946.31. (Ex. A, Complaint at ¶ 23.) Section 946.31 is Wisconsin's criminal perjury statute, which provides that persons who violate it are "guilty of a Class H felony." Neither the language of the statute nor any judicial construction, however, provide for a private civil cause of action for violation of Wis. Stat. § 946.31. *See, e.g., Grube v. Daun,* 210 Wis.2d 681, 689, 563 N.W.2d 523 (1997) ("a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity, is not subject to a

## C. Plaintiff Has No Chance Of Success Against The Individual Defendants On His *Brockmeyer* Claim.

28. As an initial matter, the *Brockmeyer* theory of wrongful termination is a claim for breach of an employment contract. *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 575, 335 N.W.2d 834, 841 (1983) ("we conclude that a contract action is most appropriate for wrongful discharges.").

29. Plaintiff's Complaint clearly alleges that he was employed by Defendant Nestlé. (Ex. A, Complaint at ¶¶ 1, 8.) Plaintiff alleges only that Defendants Rajchel, Sipiorski and Radmer were also "employed" by Nestlé in various capacities. (*Id.*, ¶¶ 3-5.) Plaintiff does not allege, however, that he was employed by Defendants Rajchel, Sipiorski and Radmer. Finding facts in Plaintiff's favor, they were simply co-employees at the same company.

30. In other words, Plaintiff has failed to allege that he was in privity of contract with the individual Defendants with regard to his employment. Privity is an essential element to a claim for breach of contract. Without even a bare allegation of privity, Plaintiff's *Brockmeyer* claim cannot proceed against the individual Defendants. *See, e.g., Pagoudis v. Keidl,* 2023 WI 27, ¶36, 406 Wis. 2d 542, 988 N.W.2d 606.

31. Moreover, the Wisconsin Supreme Court has repeatedly stated that the *Brockmeyer* cause of action is narrow. *See, e.g., Batteries Plus, LLC v. Mohr,* 2001 WI 80, ¶ 19, 244 Wis. 2d 559, 628 N.W.2d 364. To that end, Wisconsin courts have decided a series of cases following *Brockmeyer* that "contoured the scope of the cause of action for wrongful discharge in the employment-at-will context." *Id.*, ¶ 20. Those cases have defined several "tenets" of a viable *Brockmeyer* cause of action, most importantly:

---

construction establishing a civil liability."). Accordingly, to the extent he has plead a claim, Plaintiff has no chance of success on such claim against the individual defendants.

> An employer is liable for wrongful discharge if it discharges an employee for refusing to violate a constitutional or statutory provision. Employers will be held liable for those terminations that effectuate an unlawful end.

*Id*. at ¶ 20, citing *Wandry v. Bull's Eye Credit Union*, 129 Wis. 2d 37, 42-43, 384 N.W.2d 325 (1986).

32. Here, Plaintiff does not allege that his employment was terminated for refusing to violate a constitutional or statutory provision. (Ex. A, Complaint at ¶¶ 33.) Rather, he claims that he was terminated "on false grounds of misconduct" in retaliation for reporting "workplace injuries." (*Id*.) This is fatal to his claim. Even if the facts were decided in Plaintiff's favor, they would not fit within the boundaries of a *Brockmeyer* claim that have been set by Wisconsin's Supreme Court.

33. Additionally, to the extent that Plaintiff premises his *Brockmeyer* claim on being terminated "on false grounds," the Wisconsin Supreme Court has refused to recognize a claim for misrepresentation in the context of termination of employment. *Tatge v. Chambers & Owen, Inc*., 219 Wis. 2d 99, 108, 579 N.W.2d 217, 221 (1998).

34. Finally, Plaintiff alleges that his employment was terminated in retaliation for reporting "workplace injuries." (Ex. A, Complaint at ¶¶ 33, 34.) Plaintiff has no chance of success on this claim because there can be no *Brockmeyer* claim where either a federal or state statutory remedy exists. *Repetti v. Sysco Corp*., 2007 WI App 49, ¶9, 300 Wis. 2d 568, 730 N.W.2d 189. Here, both state and federal statutory protections exist with regard to retaliation for reporting workplace injuries. *See, e.g.,* Wis. Stat. § 102.35(3); 29 U.S.C. § 660(c). Thus, Plaintiff has no *Brockmeyer* claim against Defendants Rajchel, Sipiorski and Radmer on grounds covered by the legislatively created remedies.

### III. Conclusion

35. For the reasons stated above, Plaintiff has no chance of success in his claims against the non-diverse individual Defendants. They have been "fraudulently joined," and the Court should "disregard" them for purposes of analyzing diversity jurisdiction under 28 U.S.C. § 1332. *Morris*, 718 F.3d at 666. Moreover, the Court should dismiss Defendants Rajchel, Sipiorski and Radmer and assert jurisdiction over dispute between Plaintiff Rivera and Defendant Nestlé. *Id*.

36. Properly applying the doctrine of fraudulent joinder, the United States District Court for the Eastern District of Wisconsin has diversity jurisdiction over Plaintiff's Complaint against Defendant Nestlé because the Complaint is a civil action between citizens of different states with more than $75,000 in controversy. 28 U.S.C. § 1332.

**WHEREFORE**, Defendants Nestlé USA, Inc. and Holly Rajchel respectfully request that this action, now pending in the State of Wisconsin Circuit Court in Outagamie County, be removed to the United States District Court for the Eastern District of Wisconsin.

Dated this 27th day of October, 2025

/s/ Tony H. McGrath
Tony H. McGrath, WI Bar # 1042806
Direct Tel: (608) 807-5274
Tony.McGrath@JacksonLewis.com

Michaela A. Utrup, WI Bar # 1124716
Direct Tel: (608) 807-5286
Michaela.Utrup@JacksonLewis.com

JACKSON LEWIS P.C.
22 E. Mifflin Street, Suite 800
Madison, WI 53703
Fax: (608) 260-0058

*Attorneys for Defendants Nestlé USA, Inc. and Holly Rajchel*