UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EZEQUIEL RIVERA,

                Plaintiff,

    v.                              Case No. 25-CV-1643

NESTLE USA, INC.,
HOLLY RAJCHEL,
STACY SIPIORSKI,
and RUSTY RADMER,

                Defendants.

## DECISION AND ORDER

Ezequiel Rivera, proceeding *pro se*, brings this action against his former employer, Nestle USA, Inc., and three individuals in Nestle's human resources department. (ECF No. 1-1 at 1.) Rivera alleges claims of defamation, intentional infliction of emotional distress, spoilation of evidence, and wrongful termination. (ECF No. 1-1 at 3-4.) He states that he was pushed by another coworker, causing "serious injury, including a torn ACL and meniscus," and alleges that Nestle erroneously terminated Rivera for "fighting" on the job. (ECF No. 1-1 at 2.)

This is at least Rivera's fifth lawsuit stemming from his employment and subsequent termination by Nestle. *See Rivera v. Sedgwick Claims Management Services, et al.*, No. 24-CV-3247 (D. Minn. July 7, 2025); *Rivera v. Nestle USA Inc.*, No. 1:24-CV-691-WCG (E.D. Wis. June 3, 2024); *Rivera v. ACE Fire Underwriters Ins.*

*Co.*, No. 24-CV-2610 (E.D. Pa. June 3, 2024); *Rivera v. Nestle USA Inc.*, No. 23-CV-1431-WCF (E.D. Wis. Oct. 27, 2023). With each suit, Rivera shifts claims and parties, but every action is rooted in the same facts surrounding his termination. He has previously, and unsuccessfully, pursued claims of discrimination, fraud, bad faith, retaliation, and conspiracy, to name a few. *See Sedgwick Claims Mgmt. Servs.* at *1-3. Most recently, the Court of Appeals for the Seventh Circuit affirmed the district court's grant of summary judgment in favor of Nestle. *See Rivera v. Nestle USA, Inc.*, No. 25-1338, 2025 WL 3124839 (7th Cir. Nov. 7, 2025). In prosecuting those actions, Rivera peppered the docket with dozens of specious motions leading to one judge to grant the defendants' motion to relieve them of the obligation to automatically respond to every motion. Because Rivera has continued this practice of filing multiple motions of doubtful merit, the court has granted the defendants' motion for a similar order here. (ECF No. 30.)

Rivera initially filed this suit in Outagamie County Circuit Court. *See Ezequiel Rivera vs. Nestle USA, Inc.*, Outagamie County Case No. 2025CV001132, Wisconsin Circuit Court Access, https://wcca.wicourts.gov. Nestle then removed it to the Eastern District of Wisconsin. (ECF No. 1.) Defendants Nestle and Rajchel now bring this motion to dismiss on the grounds that Rivera fails to state a claim upon which relief can be granted.

**I. Jurisdiction**

The court's first obligation in this and every case is to determine whether it has jurisdiction. The defendants removed this action from state court. The removal

statute "should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). The party seeking removal bears the burden of establishing federal jurisdiction, and courts resolve any doubt in favor of remand. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Defendants premised their removal to federal court on diversity jurisdiction, 28 U.S.C. § 1332, even though they concede that complete diversity does not exist between Rivera and the persons he named as defendants. Thus, they point to the doctrine of fraudulent joinder and insist that complete diversity still exists because Rivera has "no chance of success in his claims" against the non-diverse defendants. (ECF No. 1 at 2-3.) Defendants argue that a court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013).

### A. Legal Standard

A federal "court's diversity jurisdiction is limited." *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314 (7th Cir. 1994). "For well over 200 years, the Supreme Court has interpreted statutory diversity jurisdiction to require 'complete diversity' between the parties." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021). "Usually this means that a federal court must satisfy itself that no party on the plaintiff's side of the suit shares

citizenship with any party on the defendant's side." *Id.* However, "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent*.*" *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Id.* Defendants argue that Rivera has no chance of success in his claims against the non-diverse defendants.

"Fraudulent joinder is difficult to establish ...." *Schur v. L.A. Weight Loss Ctrs.*, Inc., 577 F.3d 752, 764 (7th Cir. 2009). The removing defendant must show that the claims against the non-diverse party are "utterly groundless." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). This is a "heavy burden"; courts have suggested that this standard is even more favorable to the plaintiff than the one that applies in a motion to dismiss. *Schur*, 577 F.3d at 764 (collecting cases). "Any reasonable possibility" that a plaintiff could prevail weighs against a finding of fraudulent joinder. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?").

When a plaintiff presents a state law claim against the non-diverse defendant, the federal court must look to state law to assess the viability of that claim. *Schur,* 577 F.3d at 764. "When a matter is before the court on a claim of fraudulent joinder,

4

a federal court must be especially cautious in addressing unsettled questions of state law." *Knurr v. Anthem Life & Disability Ins. Co.*, No. 24-CV-685, 2024 WL 3874028, at *4 (E.D. Wis. Aug. 20, 2024); *see also Lucky Lincoln Gaming LLC v. Hartford Fire Ins. Co.*, No 3:20-cv-01110-NJR, 2021 WL 1399783 at *4 (S.D. Ill. Apr. 14, 2021) ("When evaluating a claim of fraudulent joinder, district courts should be restrained—not innovative—in interpreting state law.").

Application of the fraudulent joinder doctrine should be reserved "for the rare circumstances when the claim against the non-diverse defendant is patently meritless." *Knurr*, 2024 WL 3874028, at *2. Courts may otherwise risk abuse of the fraudulent joinder doctrine "as a backdoor to get what [defendants] are not entitled to under 28 U.S.C. § 1441—a federal court decision on the merits of a claim against a non-diverse defendant." *Kurr*, 2024 WL 3874028, at *2, citing *Schur,* 577 F.3d at 748. "If any question exists as to what the state court would do, the federal court may not shortcut the normal process of having the state court first assess the merits of the claim." *Knurr*, 2024 WL 3874028, at *2.

### B. Analysis

In his complaint, Rivera alleges that the non-diverse defendants "repeatedly described the incident as a 'fight,' defaming Plaintiff and misrepresenting facts." (ECF No. 1-1 at 2.) He supports his assertion with several exhibits, including a worker's compensation claim that documents Rivera "was pushed by an employee." (ECF No. 1-1 at 21.) Defendants argue that Rivera's claim for defamation is barred

by the exclusive remedy provision in the Wisconsin Worker's Compensation Act ("WCA").

The WCA provides that, where an injury is covered by the Act, "the right to the recovery of compensation under [the Act] shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier." Wis. Stat. § 102.03(2). Courts considering defamation claims have largely concluded that if the claim arises out of statements made during the employee's active employment, the claim is barred by the WCA. *Patel v. Med. Coll. of Wisconsin, Inc.*, No. 20-CV-1679-SCD, 2021 WL 10360437, at *4 (E.D. Wis. Feb. 8, 2021). Wisconsin courts take "an almost categorical approach" to determine if a claim falls under the WCA: pre-termination defamation is governed by the WCA's exclusive remedy provision, while post-termination defamation is not. *Patel,* 2021 WL 10360437, at *4.

But a gray area exists when the defamation occurs while the employee is placed on leave. In such cases, some district courts have held that the WCA's exclusive remedy provision does not apply despite the employee technically still being employed. *Patel,* 2021 WL 10360437, at *5. In *Bostwick v. Watertown Unified School District,* the court declined to dismiss the claim because the plaintiff "was on administrative leave for an extended period of time," making it difficult to pinpoint whether he was employed pursuant to the WCA's definition. No. 13-C-1036, 2013 WL 6267860, at *3 (E.D. Wis. Dec. 4, 2013) ("[T]he Court is unable to conclude that any or all of his injuries coincided with a time during which he was acting in the course

of employment."). Likewise, in *Love v. Medical College of Wisconsin*, the court refused to dismiss claims that arose while the plaintiff was placed on leave because the court could plausibly infer that the plaintiff "was not performing service … incidental to his [ ] employment" once frozen out his job. 371 F. Supp. 3d 489, 495 (E.D. Wis. 2016).

It does not appear that Wisconsin courts have addressed whether being placed on leave is considered pre- or post-termination. Wisconsin courts are clear, however, that post-termination defamation is not covered by the WCA and therefore not subject to the exclusive remedy provision. *Anderson v. Hebert*, 2011 WI App 56, ¶ 13, 332 Wis. 2d 432, 441, 798 N.W.2d 275, 279. Although earlier holdings affirmed dismissal of defamation claims based on both pre- and post-termination statements, *Anderson* clarified the discrepancy. *See* Anderson, 2011 WI App 56 at ¶ 11 ("The import of our decision in *Wolf* was to reaffirm *Becker's* holding that the Act covers pre-termination defamation. *Wolf* does not control the dispositive question in this case—whether the Act covers post-termination defamation.").

Nestle suspended Rivera's employment immediately following the incident underlying this action, "pending an investigation of the incident." (ECF 1-1 at 11.) Rivera was not terminated until several days later. (ECF 1-1 at 12.) It was in the time between suspension and termination that the non-diverse defendants determined Rivera was "fighting in violation of Nestle's Disciplinary Guidelines." (ECF No. 1-1 at 12.) In line with the reasoning explained in *Patel, Bostwick,* and *Love,* there is ambiguity as to whether Rivera was employed at the time the alleged defamation occurred.

7

Case 1:25-cv-01643-BBC    Filed 12/11/25    Page 7 of 9    Document 36

Given the ambiguity about whether Wisconsin classifies forced leave as pre- or post-termination, and how this determination may affect coverage under the WCA, the court cannot say that Rivera has no "reasonable possibility of success," *Schur,* 577 F.3d at 764, against the non-diverse defendants in state court. Defendants may well be correct that some or even all of the alleged claims are not actionable. But fraudulent joinder imposes a higher burden than showing merely that the claim would not survive a motion to dismiss. *See Kurr*, 2024 WL 3874028, at *2. As to the defamation claim specifically, when such ambiguities exist in the state law, it would be especially inappropriate for the court to use the guise of fraudulent joinder to expand its jurisdiction and supersede the state court's authority. *Knurr*, 2024 WL 3874028, at *2 ("If any question exists as to what the state court would do, the federal court may not shortcut the normal process of having the state court first assess the merits of the claim."); *see also Mitchell v. Philip Morris USA Inc.*, 2019 WL 1787587, at *5 (N.D. Ill. Apr. 24, 2019) ("[W]here a case presents ambiguities in controlling state-law, courts must resolve all of those ambiguities in favor of remand").

A state court may well conclude that Rivera's defamation claim is barred by the WCA, but that does not render it "utterly groundless." *Walton,* 643 F.3d at 999. "The standard of review applied to fraudulent joinder is even weaker than that applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Kasal v. Stryker Corp.*, No. 17-CV-1001-JPS, 2017 WL 4162312, at *2 (E.D. Wis. Sept. 19, 2017); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) ("[I]t is possible that a party is not fraudulently joined, but that the claim against that

party ultimately is dismissed for failure to state a claim upon which relief may be granted.").

Defendants have not met the "heavy burden" of showing that Rivera's joinder of the non-diverse defendants was fraudulent. *Schur,* 577 F.3d at 764. Because Holly Rajchel, Stacy Sipiorski, and Rusty Radmer were not fraudulently joined, complete diversity does not exist and the court lacks subject matter jurisdiction. This action must be remanded.

**IT IS THEREFORE ORDERED** that Rivera's motion to remand (ECF No. 10) is GRANTED. Rivera's motion to compel Nestle to meet and confer (ECF No. 14), motion for sanctions (ECF No. 16), motion for reconsideration (ECF No. 31), and motion for immediate hearing (ECF No. 33) are DISMISSED AS MOOT. The action is remanded to Outagamie County Circuit Court. *See* 28 U.S.C. § 1447(c).

Dated at Green Bay, Wisconsin this 11th day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
